# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM L SABATINI, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:22-cv-00219-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| NEVADA STATE BOARD OF NURSING, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is the Motion for Preliminary Injunction, (ECF No. 4), filed by Plaintiff William Sabatini ("Plaintiff"). Defendant Nevada State Board of Nursing ("Defendant") filed a Response, (ECF No. 31), to which Plaintiff filed a Reply, (ECF No. 34).

Also pending before the Court is Plaintiff's Motion to Seal, (ECF No. 2). Defendant did not file a Response.[1]

For the reasons set forth below, Plaintiff's Motion for Preliminary Injunction is **DENIED** and Plaintiff's Motion to Seal is **GRANTED in part** and **DENIED in part**.

## I.   BACKGROUND

This action arises from the Nevada State Board of Nursing's ("Nursing Board's") suspension of Plaintiff's nursing licenses. (*See* Compl., ECF No. 1-1). On May 13, 2020, the

_____

[1] Plaintiff seeks to seal "all documents in this case" because they all contain protected psychiatric and medial information. (*See* Mot. Seal, ECF No. 2). The Court agrees that documents concerning Plaintiff's medical information present good cause to be sealed; however, the Court does not agree that *all* documents in this case concern Plaintiff's confidential medical information. *Johnson v. Tambe*, No. 19-141-TSZ-MLP, 2019 WL 4014256, at *2 (W.D. Wash. Aug. 26, 2019) (finding the plaintiff's "privacy interest in his own medical records to be a sufficiently compelling reason to seal the medical records themselves"). Plaintiff does not elaborate on the confidential nature of "all documents" in this case. At minimum, the Court agrees that Plaintiff's Motion for Preliminary Injunction shall be sealed because it contains a psychiatric evaluation while Plaintiff was an outpatient at Crossroads. (*See* Mot. Prelim. Inj. at 9–13). Given that the motion contains confidential information, and that Defendant does not oppose the request, the Court accordingly grants in part Plaintiff's Motion to Seal. *See* D. Nev. Local R. 7-2(d).

Nursing Board received Plaintiff's applications for licensed professional nurse ("RN") and certified registered nurse anesthetist ("CRNA"). (*Id*. 5:12); (*see also* Resp. to Mot. Prelim. Inj. 3:16–18, ECF No. 31). During the Nursing Board's hearing to discuss Plaintiff's application, Plaintiff admitted that his nursing license in California was subject to a probation agreement. (Resp. to Mot. Prelim. Inj. 3:18–22). The Nursing Board ultimately accepted Plaintiff's application but placed him on probation for two years. (*Id*. 3:26–4:2).

In April 2021, Plaintiff tested positive on two separate tests, but the Nursing Board did not suspend his license at that time. (Compl. 5:16–19). In August 2021, the Nursing Board received a complaint that Plaintiff administered anesthesia on patients while impaired. (Resp. to Mot. Prelim. Inj. 4:25–27). The Nursing Board investigated the complaint, and ultimately suspended Plaintiff's license on September 10, 2021. (*Id*. 5:10–17). The Nursing Board further set a hearing on the matter for September 23, 2021. (*See* Letter Regarding Summary Suspension, Ex. C to Resp. to Mot. Prelim. Inj., ECF No. 31-4).

Though Plaintiff does not explain this in his Complaint, Plaintiff repeatedly requested to continue his hearing. (*See* Stips. Continue Hearing, Ex. H. to Resp. to Mot. Prelim. Inj., ECF No. 31-9). During that time, Plaintiff alleges that he voluntarily checked himself into a drug and alcohol detox facility. (Compl. 5:21–25). Plaintiff alleges that he was further cleared by an addiction medicine physician to return to practice on a conditional basis. (*Id*. 5:25–6:1).

During his recovery and before his hearing before the Nursing Board, Plaintiff filed the instant suit, alleging that Defendant violated Title II of the American Disabilities Act ("ADA"). (*See generally* Compl., ECF No. 1-1). After Plaintiff filed the underlying suit and instant Motion for Preliminary Injunction, the Nursing Board held a hearing to discuss Plaintiff's suspension. (Resp. to Mot. Prelim. Inj. 8:11–13). At the hearing, Plaintiff accepted all responsibility in the formal accusation, admitted to relapsing, and admitted to continuing to work with an inactive license. (*Id*. 8:15–19). The Nursing Board unanimously voted to revoke

1  Plaintiff's RN and CRNA licenses and to prohibit him from applying for reinstatement for one

2  year. (*Id.* 9:5–8).

3  ## II.  <u>LEGAL STANDARD</u>

4       The same legal standard applies to both temporary restraining orders and preliminary

5  injunctions sought pursuant to Federal Rule of Civil Procedure 65. *See Stuhlbarg Int'l Sales*

6  *Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis

7  applied to temporary restraining orders and preliminary injunctions is "substantially identical").

8  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear

9  showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*,

10  555 U.S. 7, 24 (2008).  A court may grant such relief only upon a petitioner's showing of (1)

11  likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of

12  preliminary relief, (3) the balance of equities weighs in petitioner's favor, and (4) an injunction

13  is in the public interest. *Id.* at 20.  A temporary restraining order is distinguished by its

14  "underlying purpose of preserving the status quo and preventing irreparable harm just so long

15  as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of*

16  *Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974); *see also* Fed. R. Civ.

17  P. 65(b) (limiting temporary restraining orders to 14 days unless extended for good cause, and

18  providing for expedited hearings on preliminary injunctions).

19  ## III.  <u>DISCUSSION</u>

20       The Court, having considered the Complaint, Plaintiff's Motion, supporting affidavits,

21  and accompanying exhibits, finds that Plaintiff has not met the *Winter* factors—specifically,

22  irreparable harm—and thus, the issuance of a preliminary injunction is inappropriate.

23       At the outset, Plaintiff fails to address irreparable harm in his Motion for Preliminary

24  Injunction.  He, instead, generally asserts that he is bankrupt and unable to afford food, health

25  insurance, and rent because of his license suspension. (*See* Mot. Prelim. Inj. at 3).   Defendant,

in response, argues that monetary harm and loss of employment do not constitute immediate threats of irreparable harm under *Winter*. (Resp. to Mot. Prelim. Inj. 17:18–18:18).  In his Reply, Plaintiff posits three potential harms that he will suffer as a result of his suspension: (1) continued financial hardship; (2) loss of business; and (3) delayed ability to attend retraining programs. (Reply to Mot. Prelim. Inj. 14:21–15:16, ECF No. 34).

Plaintiff must establish that he will likely suffer irreparable harm without the issuance of injunctive relief. *Winter*, 555 U.S. at 21.  Plaintiff must "demonstrate a likelihood of irreparable injury—not just a possibility—in order to obtain preliminary relief." *Id*.  The fact that adequate compensatory damages will ultimately be available in the ordinary course of litigation weighs heavily against a claim of "irreparable harm." *Sampson v. Murray,* 415 U.S. 61, 90, 94 S. Ct. 937, 952, 39 L. Ed. 2d 166 (1974).  "[M]onetary harm is usually not enough to constitute irreparable harm." *Los Angeles Memorial Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980).  However, a "substantial loss of business and perhaps even bankruptcy" absent a preliminary injunctive relief shows "irreparable injury." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932, 95 S.Ct. 2561, 2568, 45 L. Ed. 2d 648.

As an initial matter, Plaintiff raises new arguments for irreparable harm in his Reply. (Reply to Mot. Prelim. Inj. 14:21–15:16).  "Issues raised for the first time in the reply brief are waived." *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996).  Nevertheless, even if the Court considered the new arguments raised in the Reply, Plaintiff fails to demonstrate irreparable harm to meet the *Winter* standard.  The majority of Plaintiff's claims of irreparable injury concern monetary harm. *Cal. Pharmacists Ass'n v. Maxwell—Jolly*, 563 F.3d 847, 852 (9th Cir. 2009) vacated on other grounds, 565 U.S. 606, 132 S. Ct. 1204, 182 L. Ed. 2d 101 (2012) ("Economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage award."); *see also Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone

does not support a finding of irreparable harm, because such injury can be remedied by a damage award.").

Plaintiff's additional attempts to establish irreparable harm are either too speculative or not imminent.  For example, Plaintiff posits that, as a result of the suspension, that the U.S. Office of Inspector General ("OIG") will likely exclude him "from receiving professional reimbursement from Medicare and Medicaid, now and in the future." (Reply to Mot. Prelim. Inj. 14:28–15:2).  Plaintiff, however, fails to demonstrate how this possibility is likely and more than mere speculation. *Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that [. . .] that he is likely to suffer irreparable harm in the absence of preliminary relief.").  Plaintiff also argues that he "will lose his customers and not be compensated for hundreds of hours in unpaid work he spent creating and building this business." (Reply to Mot. Prelim. Inj. 15:9–11).  "Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm." *Stuhlbarg Int'l Sales Co.*, 240 F.3d at 841.  Plaintiff, however, critically fails to provide any evidence of threatened loss besides his general assertion that he will "lose his customers" in his outpatient facility. (Reply to Mot. Prelim. Inj. 15:5–11).  Because Plaintiff's suggested harms do not rise to the level of immediate, irreparable harm in *Winter*, the Court finds that Plaintiff principally fails to show the second *Winter* factor.  The Court accordingly denies Plaintiff's Motion for Preliminary Injunction.[2]

///

_____

[2] Given that Plaintiff must establish all four *Winter* factors and cannot demonstrate imminent, irreparable harm, the Court wholly denies Plaintiff's request for injunctive relief. *See* Winter, 555 U.S. at 20.  The Court, however, additionally notes that Plaintiff is also unable to demonstrate a favorable balance of equities and lack of public interest.  While Plaintiff may suffer loss of work, the Nursing Board's interest in ensuring safe healthcare systems through the regulation of nurses outweighs Plaintiff's suspension.  In the same vein, the Court also finds that there is a significant public interest in protecting the public from the practice of unqualified and unlicensed nurses.  Notably, Plaintiff argues neither balance of equities nor public interest in his Motion for Preliminary Injunction. (*See generally* Mot. Prelim. Inj., ECF No. 4).  Because Plaintiff fails to demonstrate irreparable harm, balance of equities and public interest, the Court does not further analyze the likelihood of success on the merits.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal is **GRANTED in part** and **DENIED in part**.  The Clerk of Court shall seal Plaintiff's Motion for Preliminary Injunction, (ECF No. 4).  Plaintiff is further ordered to file a redacted version of his Motion for Preliminary Injunction, redacting information pertaining to his psychiatric evaluation.

**DATED** this ____5____ day of July, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court