**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WILLIAM L SABATINI., <br><br> Plaintiff, <br><br> vs. <br><br> NEVADA STATE BOARD OF NURSING, *et al*, <br><br> Defendants. | 2:22-cv-00219-GMN-VCF <br><br> **ORDER** <br><br> Plaintiff's Motion for Leave to Amend Complaint [ECF No. 38] |

Pro se plaintiff William L Sabatini filed a motion for leave to amend his complaint. ECF No. 38. I grant the motion. Plaintiff has seven days to file the proposed amended complaint.

**I.      Background**

Plaintiff seeks leave to file a first amended complaint. Although he did not specify what types of amendments he wanted to make in his motion, he did attach a copy of his proposed amended complaint. ECF No. 38. The proposed amended complaint adds (1) fictitious defendants in their official capacities and (2) allegations recounting events that have happened since he filed the operative complaint. *Id.* The defendants argue in their opposition that his proposed amended complaint does not allege any facts that would change the outcome of the pending motion to dismiss. ECF No. 43. The defendants argue that plaintiff's claims in the amended complaint are "meritless" and "futile". *Id.* Plaintiff argues in his reply that his claims are "valid." ECF No. 44.

## II.     Discussion

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

Plaintiff has not previously sought leave to amend the complaint. Plaintiff's proposed amendment is not made in bad faith or for the purpose of undue delay because it is still early in the case. The defendants will not be prejudiced by the amendment because both the new factual allegations and the allegations regarding the new defendants are closely related to the claims in the original complaint. The defendants' futility arguments would be better addressed through a motion to dismiss or for summary judgment, given that the new claims and the allegations against the new defendants are reasonably related to plaintiff's original claims. Plaintiff has shown good cause to amend the complaint.

Accordingly,

I ORDER that plaintiff's motion for leave to amend its complaint (ECF No. 38) is GRANTED.

1    I FURTHER ORDER that plaintiff Sabatini has until August 26, 2022 to file his amended
2 complaint on the docket.
3    IT IS SO ORDERED.
4    DATED this 19th day of August 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE