UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM L. SABATINI, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> NEVADA STATE BOARD OF NURSING, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:22-cv-00219-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 48), filed by Defendant Nevada State Board of Nursing (the "Nursing Board"). *Pro se* Plaintiff William Sabatini ("Plaintiff")[1] filed a Response, (ECF No. 53), to which the Nursing Board filed a Reply, (ECF No. 54).

Also pending before the Court is Plaintiff's Motion to Amend First Amended Complaint, (ECF No. 66). The Nursing Board filed a Response, (ECF No. 68), to which Plaintiff filed a Reply, (ECF No. 72).

For the reasons discussed below, the Nursing Board's Motion to Dismiss is **GRANTED** and Plaintiff's Motion to Amend is **DENIED**.

**I.        BACKGROUND**

This action arises from the Nursing Board's suspension and revocation of Plaintiff's nursing licenses. (*See generally* FAC, ECF No. 46). On May 13, 2020, the Nursing Board received Plaintiff's applications for licensed professional nurse ("RN") and certified registered nurse anesthetist ("CRNA"). (*Id.* 1:26–2:1). The Nursing Board ultimately accepted Plaintiff's

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding him to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

application but placed him on probation because Plaintiff had faced disciplinary action from the nursing board in California for his past illegal drug use. (*Id.* 2:1–5; 6:4–5). As a condition of his probation, Plaintiff had to submit to drug testing. (*Id.* 2:3–4).

In April and May 2021, Plaintiff tested positive on two separate drug tests, but the Nursing Board did not suspend his license at that time. (FAC 6:8–11). Several months later, the Nursing Board received a complaint that Plaintiff administered anesthesia to patients while impaired from the use of drugs on two occasions: on or about August 31, 2021, and September 7, 2021. (FAC 6:11–12). The Nursing Board investigated the allegations and ultimately suspended Plaintiff's license on September 10, 2021. (*Id.* 11–13). The Nursing Board further filed an administrative complaint[2] against Plaintiff for his alleged violations and set a hearing on the matter for September 23, 2021. (September Board Compl., Ex. D to MTD, ECF No. 48-5). The hearing was continued several times at Plaintiff's request. (*See* Letter Re Summ. Suspension, Ex. C to Resp. to Mot. Prelim. Inj., ECF No. 31-4; Stips. Cont. Hearing, Ex. H. to Resp. to Mot. Prelim. Inj., ECF No. 31-9).

On December 27, 2021, Plaintiff voluntarily checked himself into a drug rehabilitation program. (FAC 6:15–16). He was discharged on December 31, 2021, and began an intensive outpatient program on January 3, 2022. (*Id.* 6:16–21). A physician cleared Plaintiff to return to professional practice on a conditional basis on January 13, 2022. (*Id.* 6:22–24).

Plaintiff's hearing before the Nursing Board ultimately took place on May 19, 2022. (*Id.* 6:1–2). Plaintiff admitted to all allegations of his drug use. (*Id.*). At the time of the hearing, Plaintiff presented evidence of eight months' negative drug tests, successful completion of a supervised drug rehabilitation program, doctor clearance to return to professional practice, ongoing psychotherapy, and participation in a 12-step program. (*Id.* 8:6–16). The Nursing

---

[2] A subsequent complaint added another allegation that Plaintiff continued to practice nursing without a license after his license was suspended. (April Board Compl., Ex. G to MTD, ECF No. 48-8).

Board ultimately revoked Plaintiff's license even though Plaintiff had successfully completed a supervised drug treatment program and documented over eight months of negative drug testing. (*Id.* ¶ 15).

Plaintiff alleges that he suffers from a drug addiction and concedes that the initial license suspension was appropriate to protect the public, but argues that the Nursing Board's continued disciplinary action after the initial suspension violated the ADA. (*Id.* ¶¶ 8, 15). The Nursing Board later offered Plaintiff a probation agreement allowing Plaintiff to keep his RN license, but Plaintiff did not agree to the terms of the probation agreement because "they would remove his due process rights, would make him unemployable in his only trained profession," and do not comply with the requirements of Title II of the ADA. (*Id.*). Plaintiff then filed this action, alleging violations of the ADA.[3] (Compl. ECF No. 17).

On August 19, 2022, the Court granted Plaintiff leave to amend his Complaint over the Nursing Board's objection. (Order, ECF No. 45). Plaintiff accordingly filed his First Amended Complaint ("FAC"), which added fictitious defendants in their official capacities, additional factual allegations concerning events that occurred after initiating this action, and a state law cause of action under NRS 632.005.[4] (FAC, ECF No. 46). The Nursing Board now moves to dismiss Plaintiff's FAC, and Plaintiff moves to amend his FAC.

II.     **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on

---

[3] Although Plaintiff vaguely alludes to alleged due process violations, the FAC does not bring any claims under the Fifth or Fourteenth Amendments.

[4] The Court notes that the FAC is different from the proposed amended complaint attached to his First Motion for Leave to Amend. (*Compare* First Mot. Amend, ECF No. 38, *with* FAC, ECF No. 46). The Nursing Board maintains that this discrepancy warrants striking the FAC, but the Nursing Board addresses the merits of the improperly filed FAC "in the interest of an expedited resolution of the instant Motion." (MTD 2:26–27 n.1). Given Plaintiff's *pro se* status, the Court will not strike the FAC on this technicality.

which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).[5]

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant

---

[5] The Court finds that all exhibits cited in this Order are incorporated by reference in the FAC, which details the administrative process relating to Plaintiff's license suspension and revocation.

to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Defendant asserts two independent grounds for dismissal: (1) Plaintiff's FAC fails to state a claim upon which relief can be granted and (2) Defendant is entitled to sovereign immunity under the Eleventh Amendment. Because the Court dismisses the FAC for failure to state a claim, the Court does not reach the issue of sovereign immunity.

#### A.  Failure to State a Claim

Plaintiff alleges that Defendant violated Title II of the Americans with Disabilities Act ("ADA") and NRS 632.005.[6] (FAC ¶ 1). NRS 632.005 is a legislative declaration and does not provide a private right of action. *See Richardson Const., Inc. v. Clark Cnty. Sch. Dist.*, 156 P.3d 21, 23 (Nev. 2007) ("[W]hen a statute does not expressly provide for a private cause of action, the absence of such a provision suggests that the Legislature did not intend for the statute to be enforced through a private cause of action."). Accordingly, the Court DISMISSES Plaintiff's claim based on NRS 632.005 WITH prejudice.

Turning to Plaintiff's ADA claim, the Court finds that Plaintiff has not adequately stated a claim under Title II of the ADA. To state a claim under Title II, Plaintiff must allege the following four elements:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public

---

[6] To the extent Plaintiff attempts to state a separate cause of action for declaratory relief, (FAC ¶¶ 64–66), the Court DISMISSES such claim WITH prejudice because declaratory relief is a remedy, not a cause of action. *PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2023 WL 2648018, at *7 (D. Nev. Mar. 24, 2023).

>entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was *by reason of* [his] disability.'

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir 2002)) (emphasis added).  The Supreme Court has noted that "by reason of" equates to "but for" causation. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 350 (2013) (citing *Holmes v. Sec. Inv. Protection Corp.*, 503 U.S. 258, 265–266 (1992)).  Thus, "[t]o show that the discrimination was 'by reason of' the plaintiff's disability, the plaintiff must show that the action would not have been taken 'but for' the disability." *Uhuru v. Bonnifield*, No. 2:19-cv-10449-JVS-KES, 2021 WL 3870479, at *9 (C.D. Cal. June 21, 2021), *report and recommendation adopted*, No. 2:19-cv-10449-JVS-KES, 2021 WL 3857456 (C.D. Cal. Aug. 30, 2021) (citing *Murray v. Mayo Clinic*, 934 F.3d 1101, 1107 (9th Cir. 2019)).[7]

Plaintiff's alleged disability here is addiction. (FAC 12:15–22).  Although an individual's status as a drug addict may be protected in some circumstances, such status is not a defense against allegations of "current use, even if it is a natural consequence of an addiction disability." *Salley v. Cir. City Stores, Inc.*, 160 F.3d 977, 980 (3d Cir. 1998).  That is, if the Nursing Board suspended and revoked Plaintiff's license due to Plaintiff's current drug use and violations of his probation or other rules, his addiction is not a but-for cause of the disciplinary actions. *See Collings v. Longview Fibre Co.*, 63 F.3d 828, 832 (9th Cir. 1995) (distinguishing between termination because of misconduct and termination because of disability in Title I context).

Plaintiff admits that the Nursing Board's initial license suspension was appropriate to protect the public. (*Id.* 2:19–20).  This admission demonstrates that Plaintiff's addiction was

---

[7] The Court notes that some of the cases relied on herein concern Title I of the ADA.  "[C]ases brought under Title I of the ADA, which protects against discrimination by private and state and local government employers, are persuasive authority in Title II 'reasonable modification' cases." *Pollack v. Reg'l Sch. Unit 75*, 12 F. Supp. 3d 173, 191 (D. Me. 2014).

not a but-for cause of his suspension. Nonetheless, Plaintiff argues that by the time his hearing occurred, his drug use was in the past. Specifically, Plaintiff asserts that at the time of his license revocation, "Plaintiff was long-outside of the window established by case law to be considered a 'current' drug user."[8] (FAC 14:18–21).

The Nursing Board argues that "Plaintiff's purported timeline of events establish that the requests for continuances were made in an effort to establish himself as a former drug user to prevent the Nursing Board from taking any actions against him." (MTD 15:1–3). Whatever the reasons for delay, the Court finds that the hearing addressed Plaintiff's *current* alleged drug use on four separate occasions. These incidents occurred in 2021, not 2012 to 2015, when Plaintiff alleges his prior drug use occurred. (FAC 2:6–7, 6:8–14). The elapsed time from Plaintiff's alleged violations and his hearing does not convert this into a case about Plaintiff's "prior" drug use based on an addiction disability.[9]

Moreover, the Revocation Order[10] itself noted four distinct reasons for the Nursing Board's decision, none of which rely upon Plaintiff's status as a former drug user. The Nursing Board found by a preponderance of the evidence that Plaintiff violated (1) NRS 632.347(1)(o) because he "failed to comply with an Order of the Board;" (2) NRS 632.347(1)(m) because he has been "disciplined in another state in connection with a license to practice or has committed an act in another state which would constitute a violation" of the NRS; (3) NRS 632.347(1)(g) because Plaintiff "practiced nursing while, with or without cause, his physical, mental, or

---

[8] Plaintiff did not cite any cases to support this contention, and the Court could not find any.
[9] The Court recognizes Plaintiff's frustration with the Nursing Board's decision in light of his voluntary stay in rehab and subsequently demonstrated sobriety. But this litigation is not the proper forum for contesting the Nursing Board's reasoning. Here, the Court is concerned with whether Plaintiff was discriminated by reason of his disability. Plaintiff's evidence of subsequent changes in his behavior, though commendable, does not alter the reasons for which the Nursing Board suspended and revoked his license.
[10] In addition to being incorporated by reference in the FAC, the Court may take judicial notice of the Revocation Order. *See Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207, n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997) ("Judicial notice is properly taken of orders and decisions made by other courts and administrative agencies.")

emotional condition impaired his ability to act in a manner consistent with established or customary nursing standards, or both;" and (4) NRS 632.347(1)(g) because Plaintiff "engaged in the practice of nursing without a license." (Revocation Order, Ex. H to MTD, ECF No. 48-9).[11]  Plaintiff does not deny any of the allegations regarding his misconduct, which present independent grounds for suspension and revocation.  Thus, Plaintiff fails to allege discrimination by reason of his disability, and his Title II claim must be dismissed.[12]

### B. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Here, the Court finds that amendment would be futile.  Plaintiff admits that the Nursing Board's revocation and suspension of Plaintiff's nursing license was based on his drug use and violation of his probation in 2021, not his status as an addict dating back to 2012.  Moreover, the Revocation Order details the reasons for disciplinary action—reasons based on allegations Plaintiff does not dispute—that are unrelated to Plaintiff's status as a former drug user.  Thus, Plaintiff cannot allege that the Nursing Board's actions were taken "by reason of" his disability.

///

---

[11] The FAC incorporates the Revocation Order by reference and is therefore properly relied upon here. (*See generally* FAC).

[12] Plaintiff did not respond to the Nursing Board's arguments for dismissal under Rule 12(b)(6); instead, Plaintiff directed the Court to look at his FAC. (Resp. 14:21–26).  The Court has examined his FAC as well as his proposed SAC and finds that Plaintiff cannot adequately plead a Title II claim.

Plaintiff nonetheless moves to amend his complaint for a second time. But Plaintiff's proposed second amended complaint[13] does not cure the deficiencies noted in this Order, nor can the Court conceive of any facts that could cure Plaintiff's ADA claim. Accordingly, the Court DISMISSES Plaintiff's ADA claim WITH prejudice and DENIES Plaintiff's Motion to Amend.

## V.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 48), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend, (ECF No. 66), is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close the case and enter judgment for Defendant.

**DATED** this __2__ day of August, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[13] Plaintiff's proposed second amended complaint broadens his ADA claim and changes how he pleads the facts, but Plaintiff still admits that he used drugs in 2021, and that this drug use was the basis for his license suspension and revocation. (Mot. Amend 5:20–22; 8:2–6, ECF No. 66).