UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM L. SABATINI, ) <br> ) <br>         Plaintiff, ) <br>   vs. ) <br> ) <br> NEVADA STATE BOARD OF NURSING, ) <br> ) <br>         Defendant. ) <br> ) | Case No.: 2:22-cv-00219-GMN-VCF <br><br> **ORDER DENYING MOTION FOR ATTORNEY'S FEES AND COSTS** |

      Pending before the Court is the Motion for Attorney's Fees and Costs, (ECF No. 79), filed by Defendant Nevada State Board of Nursing. *Pro se* Plaintiff William L. Sabatini filed a Response, (ECF No. 84), to which Defendants filed a Reply, (ECF No. 87).

      Also pending before the Court is Plaintiff's Countermotion to Retax Costs, (ECF No. 85), to which Defendant's filed a Response, (ECF No. 88).

      Because the Court finds that this case was not unreasonable, frivolous, meritless, or vexatious, the Court **DENIES** Defendant's Motion for Attorney's Fees and Costs. The Court further **DENIES as moot** Plaintiff's Countermotion to Retax Costs.

**I.    BACKGROUND**

      The facts giving rise to this case are set out more particularly in this Court's prior Order dismissing Plaintiff's First Amended Complaint ("FAC"). (ECF No. 77). The facts pertinent to this Motion are as follows:

      The Nursing Board suspended and revoked Plaintiff's nursing licenses. (*See generally* FAC, ECF No. 46). In May 2020, Defendant accepted Plaintiff's application as a certified registered nurse anesthetist ("CRNA") but placed him on probation because Plaintiff had faced disciplinary action from the nursing board in California for his past illegal drug use. (*Id.* 1:26–2:1–5; 6:4–5). The Nursing Board received a complaint that Plaintiff had administered

anesthesia to patients while impaired from the use of drugs on two occasions: on or about August 21, 2021, and September 7, 2021. (*Id.* 6:11–12). The Nursing Board investigated the allegations and ultimately suspended Plaintiff's license on September 10, 2021. (*Id.* 11–13).

Plaintiff does not deny the allegations around his misconduct. Moreover, the Nursing Board revoked his license because of his behavior at the workplace, not due to his status as a former drug user.[1] (Revocation Order, Ex. H to Mot. Dismiss, ECF No. 48–9). The Nursing Board later offered Plaintiff a probation agreement allowing Plaintiff to keep his RN license, but Plaintiff did not agree to the terms of the probation agreement because "they would remove his due process rights, would make him unemployable in his only trained profession," and do not comply with the requirements of Title II of the ADA. (FAC ¶¶ 8, 15).

In dismissing Plaintiff's FAC, this Court found that the Plaintiff did not deny any of the allegations of his misconduct leading to the suspension. (Order, 8:4–5). Given this admission, this Court also found that amending the complaint would have been futile. (*Id.* 8:15). Defendant then filed its Motion for Attorney's Fees and Costs, (ECF No. 79).

## II.    LEGAL STANDARD

Pursuant to 42 U.S.C. § 12205, a prevailing party can seek an award of attorney's fees. Under the fee-shifting provision, "the court or agency, in its discretion, may allow the prevailing party . . . . a reasonable attorney's fee, including litigation expenses, and costs." *Schwartz v. Clark Cnty., Nev.*, No. 2:13-cv-709, 2014 WL 4541230 at *1 (D. Nev. Sept. 11, 2014). The legal standard for determining when a defendant is entitled to fees under a "prevailing party" statute, such as the ADA, is set forth in *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412 (1978). Under the *Christiansburg* test, "[a]ttorney's fees under § 12205 should be awarded to a prevailing defendant only if the

---

[1] On December 27, 2021, Plaintiff voluntarily checked himself into a drug rehabilitation program. (FAC 6:15–16). He was discharged on December 31, 2021, and began an intensive outpatient program on January 3, 2022. (*Id.* 6:16–21). A physician cleared Plaintiff to return to professional practice on a conditional basis on January 13, 2022. (*Id.* 6:22–24).

plaintiff's action was frivolous, unreasonable, or without foundation." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (internal quotation marks omitted).

"The *Christianburg* standard is applied with particular strictness in cases where the plaintiff proceeds *pro se*." *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617 (9th Cir. 1987) (citing *Hughes v. Rowe*, 449 U.S. 5, 15–16 (1980)). "A *pro se* plaintiff cannot be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit or lack of merit in his claims." *Leon v. Wynn Las Vegas, LLC*, 2018 WL 6112968 at *2 (D. Nev. Nov. 2, 2018). The Ninth Circuit has identified three factors relevant to the appropriateness of fee awards against *pro se* civil rights plaintiffs: "(1) whether the court was able to conclude that the action should be dismissed prior to trial; (2) whether the plaintiff was able to recognize the merits of his claim; and (3) whether the plaintiff acted in bad faith." *Minor v. Fedex Office & Print Servs., Inc.*, 205 F. Supp. 3d 1081, 1087 (N.D. Cal. Aug. 25, 2016) (citing *Miller*, 827 F.2d at 620).

**III.   DISCUSSION**

Defendant requests an award of attorney's fees in the amount of $81,982.00. (Mot. Att'y's Fees 1:19–21). It asserts that the Plaintiff's "claim [is] frivolous, unreasonable, and without foundation." (*Id.* 9:6–7). Specifically, Defendant argues that Plaintiff did not deny the allegations around his misconduct leading to his suspension. (*Id.* 9:12–14) (citing Order 8:4–5). Defendant contends that "Plaintiff could not possibly plead an actionable claim" because he admitted to a non-discriminatory but-for causation. (*Id.* 9:12–14). It argues that the action was frivolous because Plaintiff initiated other "actions related to disciplinary action taken against

///
///
///
///

his state-issued nursing licenses." (*Id.* 11:17–18).  Defendant cites Plaintiff's prior litigation in California.[2]  Defendant also notes that Plaintiff has multiplied proceedings.[3] (*Id.* 12:1–2).

The Court must now consider whether Plaintiff's conduct—bringing and maintaining this lawsuit despite conceding the misconduct which led to his suspension, in addition to his previous lawsuit in California—warrants awarding Defendant attorney's fees.  The Court considers the relevant factors identified by the Ninth Circuit in *Miller* and concludes the issuance of attorney's fees and costs is not warranted.

**A. Whether the Court Was Able to Conclude that the Action Should be Dismissed Before Trial**

"The first factor favors granting fees when an action is dismissed before trial, as an early dismissal suggests that the case's lack of merit is apparent from the pleadings." *Minor*, 205 F. Supp. 3d at 1087.  This factor weighs in favor of granting attorney's fees because Plaintiff's case was dismissed with prejudice on Defendant's Motion to Dismiss.

///

///

---

[2] The Court notes that Plaintiff's prior litigation history in California includes ADA claims related to his drug use in California. *See Sabatini v. Cal. Bd. of Registered Nursing*, No. 18-CV-2036, 2019 WL 6782946 (S.D. Cal. Dec. 12, 2019), *aff'd*, 849 F. App'x 634 (9th Cir. 2021).  But that lawsuit did not involve the same facts or legal issues as this case.  Specifically, Plaintiff's California lawsuit involved instances of drug use between 2013 and 2015, whereas this case concerned Plaintiff's drug use in 2021. (*Compare Sabatini*, 2019 WL 6782946, at *1 *with* Order 2:4–14).  And while the Ninth Circuit affirmed the district court's order granting the defendant's motion to dismiss, issues in the California case primarily involved the application of *res judicata*. *See Sabatini*, 849 Fed. App'x. 637.  Finally, it bears noting that Plaintiff's California lawsuit was against different defendants, and in that case, he was represented by counsel. *Id.* at 636.  In short, there are material differences between Plaintiff's California lawsuit and the current action.

[3] Defendant also argues that, because Plaintiff did not properly address Defendant's arguments in his response, the Motion should be granted in its entirety under this Court's Local Rule 7-2(d). (Reply Mot. Atty's Fees 3:6–24, ECF No. 87).  Local Rule 7-2(d) provides, however, "that [t]he failure of an opposing party to file points and authorities in response to any motion, *except . . . a motion for attorney's fees*, constitutes a consent to the granting of the motion." (emphasis added).  Accordingly, Plaintiff's failure to address Defendant's arguments does not constitute a consent to the granting of the Motion under Local Rule 7-2(d). *See Goldberg v. Barreca*, No. 2:17-cv-2106, 2022 WL 960532, at *2 (D. Nev. Mar. 30, 2022) (explaining that under Local Rule 7-2(d), "the court must . . . examine the merits of plaintiffs' request for fees" even "without any opposition").

### B. Whether the Plaintiff was Able to Recognize the Merits of His Claim

The second factor requires the Court to consider "the plaintiff's ability to recognize the merits of his or her claims." *Miller*, 827 F.2d at 620. The Court cannot assume that a *pro se* plaintiff can recognize the objective merit of his or her case in the same way that an attorney can. *Id.*

Relying primarily on *Watson v. County of Yavapai*, 240 F. Supp. 3d (D. Ariz. 2017), Defendant argues that Plaintiff's lawsuit was unreasonable and without foundation, and that Plaintiff "knew or should have known that his claims were unsustainable" because he knew all the primary facts which undercut his suit. (Mot. Att'y's Fees 10:14–16).

In *Watson*, the plaintiff sued for discrimination and retaliation under the ADA, alleging that her employer, Yavapai County, "terminated her due to her disabilities and complaints." *Watson*, 240 F. Supp. at 1001. After the court granted summary judgment in favor of the County, the County moved for attorney's fees under § 12205. In finding that the plaintiff's case was "unreasonable and frivolous," the court noted that the plaintiff received repeated reprimands and written notices of her deficient job performance before she was fired. *Id.* at 1003. The *Watson* court determined that the plaintiff's "theory that she was actually fired for seeking disability accommodations despite a cascade of reprimands, or as retaliation for protected complaints, was both 'unreasonable' and 'frivolous.'" *Id.* The court further noted that the plaintiff "did not need discovery" to learn her claim was without merit because "she [] was present for the interactive process" and thus, her beliefs "were objectively unreasonable in light of her knowledge of essentially all the primary facts necessary to support such allegations." *Id.*

Like the plaintiff in *Watson*, Plaintiff here had personal knowledge of the facts which ultimately led to the dismissal of claim, *i.e.*, the reasoning set forth by the Nursing Board in its Revocation Order. Plaintiff also conceded that the Nursing Board's initial license suspension

was appropriate to protect the public. (Order 6:21–22). Plaintiff's personal knowledge of the pertinent facts and admission support Defendant's contention his lawsuit was without foundation. *See Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998) (claim requiring knowledge of disability was frivolous where plaintiff admitted that employer did not have knowledge of disability).

But *Watson* is distinguishable from this case in one material way. Unlike *Watson*, where the plaintiff was represented by counsel, Plaintiff is proceeding *pro se*. While Plaintiff had personal knowledge of the pertinent facts, the Court finds attorney's fees are not warranted because Plaintiff lacked the ability to recognize the legal merits of his actions. Specifically, Plaintiff filed many unmeritorious miscellaneous motions including a Motion for Preliminary Injunction, two Motions for Entry of Clerk's Default, Motion for Default Judgment, and a premature Motion for Summary Judgment, (ECF Nos. 4, 12, 13, 55, 58), in addition to submitting an improper ex parte letter to the Court. (Letter, ECF No. 69). The "content and the volume of the filings highlight Plaintiff's questionable ability to recognize the legal merit of his actions." *Greenier v. Pace, Local No. 1188*, 245 F. Supp. 2d 247, 250 (D. Mo. 2003); *see Charnley v. Town of South Palm Beach*, No. 9:13-cv-81203, 2015 WL 12999751, at *4 (S.D. Fla. Nov. 20, 2015) (declining to award attorney's fees against a *pro se* plaintiff in a civil rights lawsuit where her "overzealous pleadings and her irrational adherence to dismissed claims reveal[ed] her 'questionable ability to recognize the legal merits of [her] action'"). Although Plaintiff had personal knowledge of the pertinent facts underlying the lawsuit, a review of his filings reflects a genuine lack of understanding concerning how those facts would impact the viability of reasonableness of this lawsuit.

Moreover, this is not a case where Plaintiff has repeatedly brought claims previously found to be frivolous. *See Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) (*pro se* plaintiff filed 36 other cases raising the same claims); *Kulas v. Arizona*, 156 Fed. App'x 29, 31 (9th Cir.

2005) (*pro se* plaintiff represented self in approximately 19 lawsuits filed in one district alone and represented self before the Ninth Circuit more than 20 times).  While Defendant correctly notes Plaintiff's prior litigation history in California, which includes ADA claims related to his drug use in California, that lawsuit did not involve the same facts or legal issues as this case. *See Sabatini*, 2019 WL 6782946, *aff'd*, 849 F. App'x 634 (9th Cir. 2021).  And California court did not find Plaintiff's lawsuit was frivolous.  In short, the second factor against awarding attorney's fees because it is not apparent that Plaintiff was able to recognize the merits of his claims.

### C. Whether the Plaintiff Acted in Bad Faith

The third factor also weighs against awarding attorney's fees.  Actions where a plaintiff distorts facts or fails to follow rules after warnings may indicate bad faith. *See Minor*, 205 F. Supp.3d 1081 at 1090; *see also Leon*, 2018 WL 6112968, at *3.  In this case, Plaintiff did not try to misrepresent facts.  Rather, he admitted to allegations that paint him in a negative light. Moreover, Plaintiff acknowledged that he "understand[s] and accepts the Court's decision" to dismiss his lawsuit with prejudice. (Resp. 1:21–22).

The Court is guided by the principle that "[t]he *Christiansburg* standard is applied with particular strictness in cases where the plaintiff proceeds *pro se*." *Miller*, 827 F.2d at 620. Although Plaintiff had personal knowledge of the pertinent facts which ultimately led to the dismissal of his case, he lacked an objective understanding of why those facts precluded his requested relief.  Because the record does not otherwise show Plaintiff brought his case in bad faith, the Court finds Plaintiff's lawsuit is not frivolous or unreasonable.

### D. Plaintiff's Ability to Pay Attorney's Fees

Even if the Court found Plaintiff's lawsuit frivolous, it is "important to note that [while] a finding of frivolous is *necessary* for a fee award, it does not *mandate* one." *E.E.O.C. v. Hibbing Taconite Co.*, 740 F. Supp. 2d 1052, 1056 (D. Minn. 2010); *see Watson*, 240 F. Supp.

at 1002 (noting that even where plaintiff's ADA lawsuit is found to be frivolous, "it is within a court's discretion to grant or deny attorneys' fees to a defendant"). "In exercising its discretion [under § 12205], the court is free to weigh equitable considerations" including "the [plaintiff's] ability to pay[.]" *Adkins*, 159 F.3d at 307–08. Plaintiff has represented throughout his filings that he is bankrupt.[4] Thus, the imposition of attorney's fees in this matter would unduly burden Plaintiff. *See Jefferson v. Save Mart Supermarket*, No. 09-cv-2562, 2011 WL 3606643, at *3 (E.D. Cal. Aug. 16, 2011) (finding that awarding attorney's fees against the plaintiff in civil rights lawsuit was "improper because it would subject [the] plaintiff to financial ruin"); *Page v. Jefferson Transit Auth.*, No. 08-cv-5456, 2009 WL 2884754, at *3 (W.D. Wash. Sept. 8, 2009) (same). Accordingly, Defendant's Motion for Attorney's Fees and Costs is DENIED.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees and Costs, (ECF No. 79), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Countermotion to Retax Costs, (ECF No. 85), is **DENIED AS MOOT**.

**DATED** this __12__ day of January, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[4] Specifically, Plaintiff stated in his Motion for Preliminary Injunction that he is "bankrupt, unable to afford food, health insurance and rent has become dependent upon social aid[,]" (Prelim. Inj. at 3, ECF No. 4), and swore in his application to proceed *in forma pauperis* that he has no income or property. (Mot. Proceed *in forma pauperis* at 3, ECF No. 1). It bears noting that Plaintiff also represented in his *in forma pauperis* application that he received "business, profession, or other self-employment[,]" (Mot. Proceed *in forma pauperis* at 3), income within twelve-months of initiating this lawsuit, which led the Magistrate Judge to deny his application without prejudice because he was unable to determine whether Plaintiff had other sources of income. (Order Denying IFP at 3:9-11, ECF No. 8). Plaintiff ultimately paid the filing fee rather than resubmit his *in forma pauperis* application. (Receipt Payment, ECF No. 9). While the record before the Court does not conclusively show that Plaintiff is bankrupt, the Court will rely on his sworn statements in finding he lacks the financial resources to pay attorney's fees without being subject to financial ruin.